May it please the court, Walter K. Pyle on behalf of Linda Ashiegbu. Mrs. Ashiegbu was indicted for two charges, one was making a false statement on an immigration document and one was conspiracy to make a false statement. She was found guilty on only the first one, making the false statement on an immigration document. During the trial, the court admitted into evidence about ten exhibits from her brother Emanuel's alien file. It consisted of about 200 pages as I count them. And they were never authenticated or otherwise shown to be anything but hearsay. But why aren't they public records? Because actually out of those 200 pages, about six or eight pages were public records. A couple of notices to... This is a file that's maintained by a government agency for the purposes of administering immigration benefits. There was a witness from the Bureau of Citizenship and Immigration Services who essentially testified as to the nature of BCIS processing of immigration benefits. That's a classic public record. Because the public records exception to the hearsay rule has some requirements. The particular record has to be made by a government employee. Most of these documents were not made by government employees. Well, maybe we're going to have to do this document by document. But, for example, if you're going to... Maybe let's just go to the heart of it. Your client was convicted of making a false statement to BCIS in order to influence the citizenship determination on her brother. The document that she submitted, according to the government's theory, was false. And the jury so found. But is the admission of that document hearsay? Isn't it... It's not being offered for the truth of the matter contained in it. It's being offered to show that there were misstatements. I think we need... I'm not sure we're on the same page. Maybe we're not. Go ahead. Because there were... The indictment said on about February 20, 2007, she made a false statement on an affidavit of support. Right. So that's a charge. It has to be a false statement on an affidavit of support. Correct. The government's letter to the court, there's some discussion in there about a bill of particulars. But the government wrote to the court at excerpt page 112 and said the I-864 form is the basis of that charge. Right. And there was a... That is the form that shows that you're not going to become a public charge. That's an affidavit of support. Yeah. There was a second affidavit of support also, by the way, an I-134. Well, let's just deal with the I-864. And why is this any different from a bank loan fraud case where the fraudulent application is submitted to the bank and it is admitted into evidence at the trial, not to prove the truth of the contents of the form, but to prove the instrumentality of the crime, the submission of a false declaration in order to induce the bank to make the loan? I am not saying the I-864 was improperly admitted. Okay. And that's the one she was convicted on. Yes. All right. Nor am I saying the 2005 income tax return that was attached to it. Which the government alleged was also false. Yes. Okay. Okay. But the Court also admitted an unsigned I-134 affidavit of support and attached to it was a 2003 income tax return. There was no authentication of that 2003 tax return. We don't know who made it out. But again, counsel, what was the purpose for admitting it? Was the purpose to show that it was also false? Not to prove the truth of its contents, but as part and parcel of the scheme to defraud. It's an instrumentality of the crime. If it had been admitted for that, but the — Well, we can uphold the admission of the evidence on any grounds supported by the record. So you're going to have to convince me that I have a fundamental misunderstanding of the Federal rules of evidence here if I'm going to buy your argument that the district court committed reversible error in introducing evidence that the jury should never have seen. All right. It introduced evidence that the jury should never have seen that 2003 income tax return. Okay. It's important for two reasons. One, the judge said you should consider this. In the reasonable doubt instruction, the judge says if after considering all the evidence you think the government hasn't proved their case, vote not guilty. If you consider all the evidence and you are convinced, find her guilty. But at this point in the trial, when the district court was making the evidentiary determination, the defendant was defending against a charge of conspiracy. And the conspiracy was a classic Klein conspiracy to obstruct the functioning of BCIS by the submission of false documents in order to induce the agency to grant immigration benefits. Why is that documentation not admissible as proof of overt acts in furtherance of the conspiracy? Because it has not been authenticated. It's an unauthenticated document is an irrelevant document. It's the comments to ---- Counsel, you're trying to make a records argument on a foundation argument. And there was a witness, as I understand it, was it Ms. Galindo from BCIS,  and the jury heard testimony from the agents about all these signatures that were found and basically preparatory acts to submit these documents. Can't the jury consider all of that? And can't the district court consider that in determining whether or not an adequate foundation has been laid? There was no testimony as to the source of either the I-134 or the attached 2003 income tax return. Well ---- It just appeared in the IA file. But we've got to look at the totality of the evidence that was before the jury. You can't just look at the document itself, because you've got to consider the fact that when a search was conducted at the residence of your client, incriminating documents were found that suggested that she had had an active hand in preparing  That was also the residence of her brother. There were postmarked envelopes that showed that these documents had been received by the agency through the United States Mail. There were practice signatures. There was the testimony of the victim, that's not my signature, or Ms. Mays, that's not my signature on these forms. All of that goes to the foundation for the admissibility of this evidence as whether or not it was committed in furtherance of the client conspiracy. Does it not? Each of those documents has to be authenticated. Yes. The postmarked ---- But in my questioning to you, and maybe you and I are talking past one another, in order to be properly admissible, the jury has to have sufficient foundational evidence to believe that the document in some way was associated with your client. Well, not just associated with her. Well ---- That she wrote it. Right. And I'm suggesting to you that there's a lot of direct and circumstantial evidence here to establish that predicate. Now, am I missing something or maybe I don't understand? I think so. There is no evidence whatsoever that she wrote the 2003 income tax return. She had made some admissions about the 2004 and the 2005 to Agent Brown. There's no question about the 2003 income tax return. But wasn't there testimony that your client had offered to prepare the tax returns for Ms. Mays? That she had offered to prepare tax returns, yes. Right. And the tax returns contained false information with regard to income that was attributed to Ms. Mays that Ms. Mays denied that she had earned. So we're back to why is this any different from false statements that are made in connection with a bank mortgage or loan application? There was no evidence that Mrs. Ashegbu prepared the 2003 return or that she submitted it. And the ---- Well, I guess maybe where you and I disagree, you're arguing direct evidence. I'm saying I think there is circumstantial evidence from which the jury could, if it chose to credit that evidence, find that she did. Well, the postmarks were hearsay, too. The case cited by the government, United States v. Cowley, says postmarks are hearsay. Those were hearsay. Those shouldn't have been admitted. Counsel? Yes, Your Honor. Once you agree that the I-864 affidavit and the 2005 tax returns should be admitted, wouldn't admission of any other documents that you object to be harmless? It would except for two things. Number one, as I said, the court said consider all the evidence. And number two, the prosecutor said in her final argument, this 2003 income tax return and the 1099 attached to it are the most important evidence in this case. And the prosecutor said if you find there's a false statement on that 2003 income tax return, you can convince. All you need is one false statement. And she said it was a false representation of the amount of income, the signature was forged, and the preparation by another person was blank. She said the 1099 was false. Those were all false statements. And the prosecutor says you can convict on that. That had two things. It allowed the jury to convict on inadmissible evidence. And it also allowed. If we accept your argument, how could you ever convict someone of bank fraud? Because the bank mortgage officer is going to be in exactly the same position as Ms. Galindo when she says, well, I'm looking at the bank's loan file, and in the loan file, I have representations from the borrower as to what their income is. And we rely on those representations in order to underwrite the risk on the loan. And we granted the loan in this case because the applicant told us that she was making all this money. And now I find out it's not true. Well, I think the assumption is that this was done by Mrs. Eshegbu and not her brother Emanuel, who recited at the same address. The question that the jury had to decide, did it not? But even – I'm not sure that it does, because why couldn't, under a Pinkerton theory, a co-conspirator be tagged with actions by other co-conspirators in furtherance of the same conspiracy? It wasn't shown that he did it either. Let me point out in Rule 104B, there's a comment in the – there's an example where authentication is a special category of relevance. And you go to Rule 104. In Rule 104, it gives the example. If a letter purporting to be from Y is relied upon to establish an admission by him, it has no probative value unless Y wrote it. This 2003 income tax return has no probative value unless it's shown that Mrs. Eshegbu wrote it. But you haven't addressed my question under Pinkerton. Because under Pinkerton, a co-conspirator can be liable for acts that are committed by another co-conspirator in furtherance of the conspiracy to obstruct the activities of the agency. The answer to your question is there is no proof of any act by her brother Emanuel concerning the 2003 income tax return. Well, the jury – the jury, I assume, heard that there were a number of people who were involved. Ms. Mays, the brother, your client, and probably overlooking two or three others, all of whom, if the jury found that they were members of the same conspiracy, could engage in conduct that would inert to the detriment of your client under a conspiracy theory or an aiding and abetting theory. Yes. But there was no evidence that any of them prepared the 2003 tax return. It simply appeared, like Goddess Athena from the forehead of Zeus. But, Counsel, you're ignoring the testimony from Ms. Mays that Ms. Eshegbu offered to prepare her tax return. Offered to, period. Well, and then the question is, do all the signatures that were found in her home practicing the signature of Ms. Mays give credence to the jury's conclusion that somebody must have forged Ms. Mays' signature? On some documents, not on the 2003 tax return. Okay. That was never – they handled – Do you want to save some time for rebuttal? Yes, please. Okay. Good morning, Your Honors. My name is Erica Frick on behalf of the United States. May it please the Court. Because the Court is focused on the documents, I'll just go there first here. There are ten key documents from the A file that are at issue here. And I think it might be helpful for me to go through them, each document. First of all, three of the A file documents, and this is at reply brief eight, the defendant concedes are admissible as public records. And that's Exhibit 1.8, Exhibit 1.10, and Exhibit 1.13. These documents are all listed at government briefs 16 to 17. What are they specifically, counsel? I'm sorry, Your Honor. What are those three documents specifically? Those are the three CIS-generated documents. So their request, the 1.8, I believe, was a request for additional information. 1.10 was another request. And 1.13 was an appointment notice about the marriage interview. So those three they concede are admissible. Then we only have seven documents left. And those, all seven of those documents contain false statements and are admissible on that basis. And would you like me to go through those, list those also, Judge Walterson? Oh, no. Okay. So of those seven documents, which are all admissible as false statements, four of them also had party admissions because Ms. Eshagbu admitted during the search of her house that she prepared those documents. And those would be 1.3, 1.6, the 2004 tax return that was submitted with 1.6. 1.7, which was the green card application. And 1.9, which was the key document in this case, the I-864 Affidavit of Support. So there are actually two bases of admission for both of those. Any additional information on all these documents that, even if it would otherwise be hearsay, is admissible to document agency activities under the Marget Pilato case that we cited in our brief. And I also want to point out that at GER 666-67, when the Court is discussing the hearsay objection with defense counsel, defense counsel essentially said that if the document was coming in, notwithstanding the hearsay objection, they wanted the whole document in, not part of the document in. So once it was coming in for any non-hearsay purpose, the defense counsel actually said, we want the whole document in. And the judge said, are you sure? And they said yes. So in essence, Eshagbu hasn't pointed to any document out of the Eighth File that's any standard, except potentially the postmarks, which were clearly harmless. The district court also did not abuse its discretion finding all these documents relevant for exactly the reason Judge Tallman already pointed out, which is that a broad conspiracy was alleged here. They were all relevant for that. And even if Ms. Eshagbu only prepared the documents, that enough is enough for her to be guilty as an aider and a better. So, and also going back to Judge Rawlinson's argument, if there were any error here, it was clearly harmless because guilt was, the I-864 alone, clearly admissible, was enough for her to be guilty. Counsel, what's your response to opposing counsel's observation that the government said that the I-134 affidavit and the 2003 tax returns were the most important documents in the record? Do you agree with that? No, Your Honor. I do not agree with that. Those documents were in evidence mostly to prove the conspiracy in the overall scheme. But the most important document here, especially given that she was only convicted on the false statement count, is the I-864. That's the one that's dated February 20, 2007. That's the only one. But was the argument made by the government that the I-134 was the most important document? I believe that was taken a bit out of context, Your Honor. The government in closing argument made it very, very clear that the, that in order to convict on count on this false statement count, the jury had to find a false statement in the I-864 dated February 2007. The district court in its jury instructions also made this clear. And this is at, I believe, GER 735. The district court made clear that to convict on the false statement charge, the jury had to unanimously find at least one false statement in an affidavit of support, and it specified the date of February 20 of 2007. So there's absolutely no question the jury could have been confused about this. I believe I've – oh, I wanted to just address the 2003 tax return quickly. That was one of the documents found in Mrs. Shegbu's house. So it wasn't just in the A file. It was also found during the search of the residence. And as Judge Tallman pointed out, there was testimony in this case that, first of all, Mrs. Shegbu admitted that if the signature wasn't her, wasn't Kavina Mays's, it was hers on these documents. And Ms. Mays testified that she didn't sign any of these documents. There's also the practice signatures and so forth. So there's plenty of evidence to support the admission of that 2003 tax return. And I believe I've addressed all of the points that were raised. So if there are no further questions, the government asks that the conviction be affirmed. Very well. Mr. Pyle, I think you have a minute and 38 seconds left. In answer to the question whether the government made that argument or not, at GER 750, the transcript states, the prosecutor is arguing to the jury, and she's got a blowup on the screen. The 2003 tax return has something else attached to it. Ladies and gentlemen, this is the document you can see blown up here on the easel, and it's in front of you on the screen. And the reason it's blown up on the easel for you is because this document is the most important evidence in this case. It appears in the immigration file of defendant's brother. It is attached to the 2003 tax return. Well, counsel, what's your response to Ms. Frick's argument that it was tied to your client because it was found in her residence when she was arrested and the residence was searched, and that she told the agent that if the signature was not that of Kavina Mays, it was hers? She was never asked about the 2003 document. She was asked about the 2004, the 2005, the I-64, a whole bunch of other documents. Why can't the jury consider all of that evidence in concluding circumstantially that she also signed the 2003 or forged the 2003 signature for Ms. Mays in favor of that testimony? Because there was no evidence that she did it. You can't keep saying no evidence, but that is evidence. What you really are doing is the weight of the evidence, not the fact that there is no evidence. That is not an accurate statement of the record. The fact that she committed the document was never – the document was admitted for improper purposes. It was a residual hearsay exception. I think we understand. Okay. So there's no – it was not treated as some other – on some other grounds. Your time has expired. Okay. She did not admit – Counsel, you're done. The case just argued is submitted.
judges: Fletcher B. , Tallman, Rawlinson